IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROY WAYNE JACKSON, JR.<br><br>Plaintiff,<br><br>v.<br><br>BLACKFEET ENROLLMENT OFFICE,<br><br>Defendant. | Cause No. CV 23-35-GF-BMM<br><br>ORDER |

Plaintiff Roy Wayne Jackson, Jr. ("Jackson") filed a document purporting to be a civil rights complaint. (Doc. 1.) Jackson asserts that he is entitled to enrollment in the Blackfeet Tribe because his grandmother was an enrolled tribal member, and he believes his father also was a tribal member. (*Id*. at 1.) Thus, Jackson states that he is "1/4 Blackfoot Native." (*Id*.) Jackson explains he has attempted to contact the Blackfeet Enrollment Office to no avail. (*Id*.) He believes he is entitled to receive all benefits that accompany tribal enrollment and seeks this Court's intervention in obtaining tribal membership. (*Id*. at 2–3 .)

Jackson previously filed a civil rights complaint advancing the same claims presented in the instant petition. *See Jackson v. Blackfeet Enrollment Office*, Cause No. CV-23-22-GF-BMM, Pet. (filed May 15, 2023.) The matter was dismissed for lack of jurisdiction. *Jackson v. Blackfeet Enrollment Office*, Cause No. CV-23-22-

1

GF-BMM, Or. (D. Mont. May 24, 2023.)

This Court observed in that order that Jackson is a Texas state prisoner serving a life sentence without the possibility of parole with the Texas Department of Criminal Justice. (*Id*. at 1.) Accordingly, Jackson is not presently in tribal custody. The order went on to explain that the Indian Civil Rights Act ("ICRA") does not confer jurisdiction upon this Court. (*Id*. at 2.) There is no private cause of action for violations of ICRA against the tribe or its officers, except for a habeas corpus challenge to one's detention. (*Id*. at 3, citing *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 70 (1978)). Section 1303 of the ICRA provides: "The privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303. Because Jackson did not bring a claim for habeas under Section 1303 of the ICRA, but rather sought damages and injunctive relief, this Court determined his suit was not authorized and there was no jurisdiction to entertain his claims. (*Id*. at 3–4.) Jackson's petition was dismissed. (*Id*. at 4.)

Jackson presents no new factual or legal support that would alter this Court's prior analysis. The present petition must also be dismissed for lack of jurisdiction. Declaratory and injunctive relief and money damages are not available under the ICRA. *Santa Clara Pueblo,* 436 U.S. at 69-70 (relief under ICRA is limited to a writ of habeas corpus). Moreover, Jackson should refrain from filing duplicative

complaints before this Court in the future.  His remedy, if any, lies in appeal.

Accordingly, the Court enters the following:

### ORDER

1.  This matter is dismissed for lack of jurisdiction.

2.  The Clerk of Court is directed to close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.

DATED this 18th day of September, 2023.

Brian Morris, Chief District Judge
United States District Court